UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rose Thomas, | ) | CASE NO. 1: 20 CV 377 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Wal-Mart, Inc., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 6). For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Rose Thomas filed this Complaint against defendant Wal-Mart[1], Inc. The Complaint alleges gender discrimination under Title VII, and sets forth the following background facts.

---

[1] Defendant states the correct spelling of its name is Walmart, but the Court retains the spelling used in the Complaint.

1

Plaintiff was employed by defendant as a cashier at two of its Ohio stores from July 2005 until March 2009. She joined defendant with college computer course experience from "Community College in Cleveland," and with extensive retail experience.  During employment, plaintiff learned that similarly situated male cashiers (or those with less experience) were paid at a higher rate. During employment, plaintiff cross trained in various departments to increase her eligibility for promotions. She inquired about promotional opportunities, and was told

by management that her "time was coming," but it never came.  The male cashiers were given the  promotional opportunities.  After years of employment experience with defendant and being passed over for promotional opportunities in favor of the male cashiers, plaintiff did an "open door" complaint to her store's personnel manager about her non-selection for promotions.  She inquired about the management in training program and was told there were classes coming up, but never received any further information despite her requests.  She made her complaints known to management, to no avail.

Plaintiff was a member of a Title VII sex discrimination national class action brought by female employees of Wal-Mart and certified in the United States District Court for the Northern District of California. *Dukes v. Wal-Mart Stores, Inc.,* 222 F.R.D. 137 (N.D. Cal. 2004). While the issue of class certification was going through the appellate process, time periods for filing EEOC charges and subsequent litigation for all former class members were tolled. In June 2011, the United States Supreme Court reversed the class certification. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011). In August 2011, the Northern District of California issued an order establishing common deadlines for all members of the formerly

2

certified class to file individual charges with the EEOC.

Accordingly, plaintiff filed her timely EEOC charge in 2012, and received a Notice of Right to Sue in 2019. She thereafter filed this Complaint setting forth four claims. Count One alleges disparate treatment on the basis of pay. Count Two alleges disparate treatment on the basis of promotion. Count Three alleges disparate impact on the basis of pay. Count Four alleges disparate impact on the basis of promotion.

This matter is now before the Court upon defendant's Partial Motion to Dismiss Plaintiff's Complaint.

### Discussion

Defendant moved to dismiss Count Two (disparate treatment on the basis of promotion), and Counts Three and Four (disparate impact). In response, plaintiff withdrew her disparate impact claims by separate document (Doc. 10) and, therefore, opposed the motion as to Count Two only. Thus, the only issue before this Court is whether plaintiff exhausted her administrative remedies as to the failure to promote claim in the filing of her EEOC charge.

The Sixth Circuit has set forth the parameters for exhaustion of a Title VII claim:

> Congress gave initial enforcement responsibility to the EEOC. Thus, an employee alleging employment discrimination in violation of the statute must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts. *See* 42 U.S.C. § 2000e–5(e)(1). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *See* 42 U.S.C. § 2000e–5(f)(1); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36 (1974). This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. *See id*. at 44. Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC

> charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role. At the same time, because aggrieved employees—and not attorneys—usually file charges with the EEOC, their pro se complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge. *See Randolph v. Ohio Dep't of Youth Servs*., 453 F.3d 724, 732 (6th Cir.2006). As a result, "whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir.1998).

*Younis v. Pinnacle Airlines, Inc.,* 610 F.3d 359 (6th Cir. 2010). *See also Peeples v. City of Detroit,* 891 F.3d 622 (6th Cir. 2018) (stating the same).

As relevant herein, "The purpose of this exhaustion requirement 'is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation.' " *Vizcarrondo v. Ohio Dept. of Rehabilitation and Corrections,* 2019 WL 6251775 (N.D.Ohio November 22, 2019) (quoting *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004)). "As a result, 'the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.' " *Id.* (other citations omitted). "Under this 'expected scope of investigation test,' where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Id*. (citing *Weigel v. Baptist Hospital of Tenn*., 302 F.3d 367 (6th Cir. 2002).

Plaintiff's EEOC charge consists of two pages. (Doc. 1 Ex. A) On the first page, plaintiff checked the box identified as discrimination based on sex, indicated the dates of discrimination as 2005 through 2009, and set forth two paragraphs. In the first paragraph, plaintiff stated that she was a member of the class in *Dukes v. Wal-Mart Stores, Inc.*, and

4

explained that the dates for filing EEOC charges were tolled until the district court eventually set a deadline of May 25, 2012.  In the second paragraph, plaintiff stated in full, "I believe that during my employment at Wal-Mart I was discriminated against because of my gender (female) in pay and promotions."  On the second page, plaintiff set forth two paragraphs:

> I.  Discrimination in Pay
>
> During my time at Wal-Mart, I believe female employees were paid less than male employees with equal or less tenure and experience.  I started working at Wal-Mart Store #3326 in Garfield Heights, OH in or about July 2005 until it closed in 2008. Then I transferred to store #4342 in Bedford, OH. I left Wal-Mart in or about March 2009.  During my tenure, I was a cashier. I believe that male cashiers with equal or less tenure and experience were paid a higher hourly rate than I was.  Specifically Tom and Will were cashiers who started at the same time I did. They were making $8.40 hourly, and I was making $7.40 hourly.
>
> II.  Statement of Discrimination
>
> I believe that I, and other female employees similarly situated, have been discriminated against because of our sex in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.*)

Defendant maintains that the EEOC charge "uses the word 'promotions' only once in passing in a generalized allegation of discrimination, and includes no facts whatsoever about promotional discrimination."  (Doc. 6 at 4)  Rather, defendant points out that the specific allegations relate only to pay discrimination, and appear under the heading "Discrimination in Pay."  Defendant argues that a mere passing reference to promotions, with no corresponding factual allegations, does not satisfy the obligation to exhaust administrative remedies with respect to a claim of promotional discrimination. Finally, defendant asserts that plaintiff  is out of time to amend her charge to cure the deficiency because her employment ended more

5

than 300 days ago.

Pointing out that a complaint is limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination, plaintiff refers to her EEOC charge where she stated that she was discriminated against because of her gender "in pay and promotions." As such, she asserts that she specifically raised a claim of promotional discrimination and this would have been the subject of any reasonable investigation by the EEOC. And, plaintiff points to the CFR provision, set out above, which requires only that the charge be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Plaintiff maintains that she has complied with that provision. Finally, plaintiff points out that the Supreme Court has made clear that the filing period is not a jurisdictional prerequisite, but a requirement subject to waiver or tolling. Consequently, plaintiff contends that waiver should apply if the Court finds the charge does not sufficiently allege promotional discrimination.

For the following reasons, the Court agrees with defendant that plaintiff did not exhaust her claim for disparate treatment based on promotion.

While plaintiff refers to the CFR provision that only requires her "to describe generally the action or practices complained of," as defendant points out, the EEOC charge does not describe *any* actions or practices that constitute promotional discrimination, not even generally. Rather, the charge describes how plaintiff was paid less than her male colleagues, but makes no reference to promotions. Plaintiff also relies on the law which allows claims which are "reasonably related to or grow out of the factual allegations in the EEOC charge." However, there is no basis to find that a failure to promote is reasonably related to disparity in

6

pay. Nor could the Court reasonably find that a failure to promote claim could grow out of the specific factual allegations which plaintiff set forth regarding the pay disparity.

Furthermore, although the Court is not bound by the recent decision of *Lori Feyka, et al. v. Wal-Mart Stores, Inc.,* No.2:19 CV 288, (W.D. Pa. March 20, 2020), the Court finds it persuasive. In *Feyka,* three women, who were also members of the former nationwide class of females suing Wal-Mart, filed their complaint against Wal-Mart after submitting their EEOC charges and receiving notices of right to sue. The Court dismissed two plaintiffs' claims of pay discrimination for failure to exhaust administrative remedies because only claims of promotional disparity were raised in their EEOC charges. Specifically, the court found that the first plaintiff made no reference to pay "whatsoever"in her charge, but only to promotion. As to the second plaintiff, the court found there was no "meaningful reference to pay" where the plaintiff's "sole reference" in the charge was found in her statement that she was "discriminated against because of her gender (female) in pay and promotions." The court noted that "[t]he charge included a detailed explanation of why she believed she suffered from promotional disparity but failed to include any explanation as to the passing reference to pay discrimination on the first page of the charge." The court concluded that plaintiff's "singular reference to the word 'pay' without more," did not allow the EEOC to examine the basis of the pay claim.

The same occurred here. Plaintiff's EEOC charge makes only a passing reference to discrimination in promotions with her general statement that she "was discriminated against because of my gender (female) in pay and promotions." But, while she included a detailed paragraph explaining how she was discriminated against on the basis of pay, she offers no

7

other discussion as to promotional disparity.  Thus, the EEOC would not have investigated discrimination based on promotions.

Finally, plaintiff argues that to the extent the EEOC charge does not allege promotional discrimination, waiver would be the proper remedy to preserve her rights.  The Court disagrees.  Plaintiff refers to *Fort Bend v. Davis*, 139 S.Ct. 1843 (2019).  There, the Supreme Court held that the EEOC charge filing requirement is not jurisdictional, but is a claims-processing rule.  Being a procedural prerequisite to suit, it must be timely raised to come into play- unlike jurisdiction which can be raised at any stage in the proceeding. In *Fort Bend,* the court found that defendant forfeited the argument that plaintiff failed to exhaust her religious discrimination claim in her EEOC charge because defendant had failed to timely raise it. Thus, the court applied waiver to defendant, unlike here where plaintiff wants this Court to waive her EEOC prerequisite.  In *Jones v. Natural Essentials, Inc.,* 740 Fed. Appx. 489 (6th Cir. 2018), while the Sixth Circuit recognized that administrative requisites (such as filing an EEOC charge) are subject to waiver, estoppel, and equitable tolling, it noted that the EEOC filing requirement should not "be set aside or waived in the discretion of the district court."  And, equitable tolling is "sparingly bestowed."  Where no specific argument is made as to estoppel, the argument is waived.  Here, plaintiff offers no specific support for equitable tolling.  Therefore, it is too late for plaintiff to amend her EEOC charge to allege promotional discrimination.

For these reasons, plaintiff failed to exhaust her claim for discrimination in promotions and defendant's Partial Motion to Dismiss Plaintiff's Complaint is granted. Count Two is dismissed. Only Count One remains:  disparate treatment on the basis of pay.

**Conclusion**

For the foregoing reasons, defendant's Partial Motion to Dismiss Plaintiff's Complaint is granted.

IT IS SO ORDERED.

                               /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Court
Dated: 4/24/20                Chief Judge